**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

LAURA LINARES CRUZ,

        Plaintiff,

                                 CASE NO.

vs.

SPRINT/UNITED MANAGEMENT
CO., SPRINTCOM, INC., and
T-MOBILE USA, INC.

        Defendants.

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, Sprint/United Management Co., Sprintcom, Inc., and T-Mobile USA, Inc.,[1] (collectively, "Sprint"), hereby remove this action pursuant to 28 U.S.C. §§ 1446 and 1332, to the United States District Court for the Northern District of Florida, Tallahassee Division.

As grounds for removal, Sprint states as follows:

## I.      THE STATE COURT ACTION.

1.      On or about June 29, 2021, Plaintiff Laura Linares Cruz ("Cruz" or "Plaintiff"), filed a civil action against Defendants in the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida (the "State Court Action").

---

[1] On April 1, 2020, Sprint/United Management Co. and Sprintcom Inc. became indirect wholly owned subsidiaries of T-Mobile USA, Inc.

The State Court Action was assigned Case No. 2021-CA-001139.  Copies of all process, pleadings and orders received by Defendants in relation to the State Court Action are attached hereto as Exhibit 1.

2.     The Summons and Complaint were served on all Defendants on or about July 22, 2021.  To the best of Sprint's knowledge and belief, the pleadings attached hereto as Exhibit 1 constitute all process, pleadings and orders filed to date in the State Court Action.

3.     The three-count Complaint alleges three causes of action for discrimination and retaliation against Defendants, all of which arise under the Florida Civil Rights Act ("FCRA"), Section 760.10.

## II.     THE COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332.

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.     There is Complete Diversity Between the Parties.

5.     Cruz is an individual who is domiciled in Florida, and is thus a citizen of Florida for purposes of jurisdiction. *See* Compl., at ¶ 4; Moss Dec. at ¶ 5.[2]  Sprint's

---

[2]The Declaration of Latisha Moss in Support of Defendants' Notice of Removal ("Moss Dec.") is attached to this Notice as Exhibit 2.

records establish that at all times Plaintiff resided in Florida, with her most recent address in Leon County, Florida.  Further, the Complaint itself alleges that she is resident in Florida, thus creating a presumption that Florida is her domicile. *McBride v. Karumanchi*, 2015 WL 4132974 (M.D. Ala. July 8, 2015).

6.     T-Mobile USA, Inc. is incorporated under the laws of the State of Delaware, with a principal place of business (where its primary functions and decision-making activities occur) ("principal place of business"), in Bellevue, Washington.  T-Mobile is therefore a citizen of Delaware and Washington for purposes of diversity jurisdiction.  Sprint/United Management is incorporated under the laws of Kansas, and its principal place of business is located in Bellevue, Washington.  Moss Dec. at ¶ 6.  Sprint/United Management is therefore a citizen of Kansas and Washington for purposes of diversity jurisdiction.   Sprintcom is incorporated under the laws of Kansas with a principal place of business in Bellevue, Washington, and is a citizen of Washington and Kansas for purposes of diversity jurisdiction.

7.     As a result of the foregoing, complete diversity between the parties exists.

**B.     <u>The Amount in Controversy Requirement Is Met.</u>**

8.     Solely for purposes of determining the amount in controversy, Sprint relies upon the allegations in the Complaint, without admitting the truth of any of

those allegations and without waiving its defenses to the claims, including without limiting its arguments relating to personal jurisdiction.

9.    According to the three count Complaint, which alleges race and national origin discrimination and retaliation under the FRCA, Cruz is seeking "an award of lost benefits and wages, back pay, compensatory damages for emotional distress, and punitive damages, collectively *in excess of* $30,000.00." *See* Compl. at ¶ 9 (emphasis added).  Thus, the Court must look to the information presented within this Notice of Removal to determine whether the amount-in-controversy requirement of $75,000.00 under 28 U.S.C. § 1332(a) is satisfied.  *See McGee v. Sentinel Offender Serv's, LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (Where the complaint does not assert a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.").  "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *Id.*

10.    Here, as to Cruz's request for damages for "lost benefits and wages" and "back pay" in connection with her FCRA claims, this Court should estimate the value of such damages for purposes of satisfying the amount in controversy requirement by calculating the potential back pay due from the date of her separation through the estimated date of trial in this action. *See e.g., Deel v. Metromedia*

4

*Restaurant Services, Inc.*, 2006 WL 481667 (N.D. Fla. Feb. 27 2006); *Gonzalez v. Honeywell Int'l, Inc.*, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (finding that "[c]ombining evidence (i.e., the rate of Plaintiff's salary) with reasonable extrapolations (i.e., calculating the amount of back pay by estimating a reasonable trial date) is not improper speculation," because "[t]he amount of controversy is ... an estimate of the amount that will be put at issue in the course of the litigation") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751-54 (11th Cir.2010)); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011) ("back pay for purposes of the amount in controversy requirement should be calculated to the date of trial"); *see also Wineberger v. Racetrac Petroleum*, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015); *Hallmeyer v. Gateway Clippers LLC*, 2013 WL 268643, at *2 (M.D. Fla. Jan. 24, 2013); *Sheehan v. Westcare Found., Inc.*, 2013 WL 247143, at *2 (M.D. Fla. Jan. 23, 2013).[3]

---

[3]Defendants are aware that there is disagreement within this circuit as to whether back pay for purpose of meeting the amount in controversy threshold should be calculated through the estimated date of trial, or through some other earlier date. *See, e.g., Balkum v. Pier 1 Imports (U.S.), Inc.*, 2017 WL 3911560, at *2 (M.D. Fla. Sept. 7, 2007) (explaining that "courts within this District hold differing opinions on whether back pay that accrues in the time period following removal through trial or judgment should be included when ascertaining the [amount in controversy]" and explaining that the Eleventh Circuit "has not resolved this split") (footnote omitted).  To the extent that this Court rejects Defendants' assertion that the calculation of back pay through the estimated date of trial is appropriate here, Defendants asserts in the alternative that back pay should be calculated *at least* through the average or most likely date of disposition of this case, rather than only through the date of removal.  For the 12 month period ending on December 31, 2020, the median time from date of filing to date of disposition of a civil case in this district was five months. *See* Table C-5—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (December 31, 2020) | United States Courts (uscourts.gov).

11.    In August 2019, Cruz became an approximately 29 hour per week employee at Sprint.  During the approximately 20 weeks during which Cruz worked in 2020, she received average weekly earnings (comprised of both hourly wages and commissions) of approximately $938.44 per week.  Moss Dec. at ¶ 4.  Accordingly, after estimating a conservative trial date of one year from the date of removal (*see Deel,* 2006 WL at 481667 *4 n. 8 (noting that 12 months from the date of removal would be a customary trial date), Plaintiff's back pay from the date of her separation through trial (an estimated 109-week period in duration) amounts to approximately $102,289.96—a figure well above the $75,000 jurisdictional threshold.[4]  Plaintiff has also requested the value of lost benefits in addition to these back-pay amounts, which would further increase the amount in controversy.

12.    In addition to back pay, the Complaint also requests damages for "pain, suffering, mental anguish, and emotional distress."  *See* Compl. at ¶ 9.  Plaintiff alleges that she was discriminated against because of her race and national origin and retaliated against because of complaining about the discrimination.  She specifically claims, among other things, that she was harassed, derogatory comments

---

[4]In the alternative, to the extent that this Court chooses instead to calculate Cruz's back wages for amount in controversy purposes through the five month average date of disposition, *see* n.3 above, (an estimated 78.4 weeks in duration), Cruz's estimated back wages amount would be $73,573.70. In the event that back wages are considered only through the date of removal (a 63-week period in duration), they still amount to a significant sum—an estimated $59,121.85. Coupled with the other categories of potential recovery available to Cruz as outlined herein, even these alternative calculations would meet the jurisdictional threshold for removal.

were made about her accent, she was belittled, and treated "like a servant."  Compl. at ¶¶ 3-5.

13.     Taking these allegations as true for purposes of this Notice, "[w]hile it is difficult to quantify the value of these damages, for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *See Hardman v. Zale Delaware, Inc.*, No. 16-CV-62826, 2017 WL 759023, at *4 (S.D. Fla. Feb. 28, 2017) (internal citations and quotations omitted).

14.     As a means for this Court to quantify the value of Plaintiff's emotional distress damages for purposes of determining the amount in controversy, Defendants submit the following verdicts reached in discrimination/retaliation cases in the Northern District of Florida: *Salter v. State of Florida, Dep't of Revenue,* 2013 WL 8213480 (N.D. Fla.) (Verdict and Settlement Summary) ($168,000 awarded in emotional distress damages in case alleging gender and race discrimination and retaliation); *Davis v. Fla. Agency for Health Care Admin.*, 2014 WL 2980731 (N.D. Fla.) (Verdict and Settlement Summary) ($240,000 awarded in emotional distress damages in case alleging retaliation, even though jury found for defendant on race discrimination claim).[5]  Based on the above jury awards in these similar cases,

---

[5] In *Davis*, the plaintiff, like Cruz, claimed that after she engaged in protected activity, she was subjected to a hostile working environment, that included someone wearing a gas mask as she left her office and that her position was being reclassified.  Case No. 4:13cv00031-RH-CAS, DE 1-6 (Amended Complaint at 7-8), DE 110 (Verdict).  In *Salter,* the plaintiff claimed she was retaliated against when she was treated less favorably than two white males, and was required

Plaintiff's claims for emotional distress damages here alone could easily exceed the jurisdictional threshold—and thus, to the extent that this Court requires additional evidence to show that the amount in controversy requirement is satisfied here, Cruz's claims for emotional distress further demonstrate that the amount in controversy is met.

15.     Finally, the Court must also consider attorneys' fees in calculating the amount in controversy. *See Cohen v. Office Depot, Inc.*, 2014 F.3d 1069, 1079 (11th Cir. 2000) ("When a statutory cause of action entitles a party to recover reasonable attorney fees, the amount in controversy, for purposes of diversity jurisdiction, includes consideration of those fees").  Here, because the FCRA permits a prevailing plaintiff to recover attorneys' fees, the Court must take such fees into consideration when determining if the amount in controversy is met. *See* § 760.11(5).

16.     Courts within the Eleventh Circuit disagree as to whether attorneys' fees for an amount in controversy analysis should be calculated as of the date of removal or through the date of trial or likely disposition of the case. *See Kelley v. ABC Caulking & Waterproofing, Inc.*, at *3 (S.D. Fla. Aug. 31, 2010) (collecting cases). Defendants contend that calculating prospective attorneys' fees through the estimated date of trial, or, in the alternative, average or likely disposition date of this

---

to document her work time and given additional functions.  Case No. 3:12cv00534-MW-CJK, DE 1, DE 73 (Verdict).  Here, Cruz claims that her co-workers mocked her, reduced her working hours, removed her from a workplace group chat, and ultimately terminated her.

case, *see* n. 4 supra, is proper here. *See Hall v. Am. Sec. Ins. Co.*, 2009 WL 2215131, at * 1 (S.D. Fla. Jul. 23, 2009) (rejecting argument that court is to consider attorney's fees incurred only up to time of removal when calculating the amount in controversy); *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (including prospective attorney's fees through trial in determining amount in controversy).

17.     Notwithstanding this, regardless of how this Court chooses to calculate attorneys' fees here—whether through the date of removal, estimated date of trial, or likely date of disposition—such fees are likely to be significant.  For example, in *Davis,* the plaintiff received an award of $415,999.50 after trial.  4:13cv00031-RH-CAS, DE 167 (judgment for fees).   In *Jones v. Capital Transp. Inc.*, Case No. 4:14cv000015 (N.D. Fla.), a race discrimination case brought under 42 U.S.C. Sec. 1981, plaintiff's counsel was awarded $101,315 in fees.  DE 119 (judgment for fees). If this Court considers the estimated attorneys' fees likely to be incurred by Plaintiff through disposition or trial, then as established by these similar cases identified above, this amount could easily exceed the $75,000 threshold in itself.[6]

18.     As a result of the foregoing, this case satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a).

---

[6] Further, even if this Court chooses only to consider attorneys' fees through removal for amount in controversy purposes, the Plaintiff has drafted a complaint and presumably investigated the facts of this case, such that it is not speculative to presume that, combined with the other amounts identified above, the amount in controversy threshold is met.

### III.    <u>VENUE</u>.

19.    The Northern District of Florida, Tallahassee Division, is the district court of the United States for the district and division embracing where the State Court Action was brought and is pending.  Accordingly, removal to this District is proper.  *See* 28 U.S.C. §§ 89(c), 1441 (a), 1446(a).

### IV.    <u>REMOVAL IS TIMELY.</u>

20.    Pursuant to 28 U.S.C. § 1446(b)(1), the filing of this Notice of Removal is timely, having been made within 30 days of the date that Cruz served the Summons and Complaint on Defendants.

### V.    <u>NOTICE TO STATE COURT AND PARTIES</u>

21.    Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Sprint is filing a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida.

22.    Also in accordance with 28 U.S.C. § 1446(d), Sprint will serve written notice of the filing of this Notice of Removal on Plaintiff through her attorneys of record, Kevin C. Kostelnik, Esq. and Tiffany R. Cruz, Esq.

### VI.    <u>CONSENT OF ALL DEFENDANTS</u>

23.    All defendants named in the action consent to the removal of this action.

## VII.    <u>ADDITIONAL CONSIDERATIONS</u>

24.    In filing this Notice of Removal, Sprint expressly reserves all rights, including the right to a jury trial.

25.    Sprint also expressly reserves any and all defenses to Cruz's claim, and nothing herein should or shall be construed or interpreted as a waiver, relinquishment or forbearance of Sprint's right to assert any applicable defense, including without limitation, insufficiency of service of process, lack of jurisdiction, improper joinder, failure to state a claim or any other substantive or procedural defense available to Sprint.

26.    Sprint further reserves the right to supplement or amend this Notice of Removal.

## VIII.    <u>CONCLUSION</u>

27.    Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1446, and the action is properly removed to this Court.

WHEREFORE, Sprint respectfully removes this action from the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida to this Court.

Dated:  August 9, 2021                          Respectfully submitted,

                                              */s/ Mary Ruth Houston, Esq.*
MARY RUTH HOUSTON, ESQ.
Florida Bar No. 834440
Primary:  mhouston@shutts.com
Secondary:  mljohnson@shutts.com
PAUL J. SCHECK, ESQ.
Florida Bar No. 28487
Primary:  pscheck@shutts.com
Secondary:  mljohnson@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida  32801-5403
Telephone:  (407) 423-3200
Facsimile:   (407) 425-8316
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Notice of Removal was filed with the United States District Court, Northern District, via their CM/ECF system and was served via electronic mail this 9th day of August, 2021, to:

    Tiffany R. Cruz, Esq.
    Kevin C. Kostelnik, Esq.
    Cruz Law Firm, P.A.
    411 N. Calhoun Street
    Tallahassee, FL  32301
    Tiffany@tiffanycruzlaw.com
    Kevin@tiffanycruzlaw.com

                                              */s/ Mary Ruth Houston*
                                            Counsel

ORLDOCS 18883922 4