HOME    ONLINE SERVICES    COURT SERVICES    RECORDS    FEES

CLERK TO THE BOARD    USEFUL LINKS    HOW DO I....

-->

# Leon County Clerk of the Circuit Court and Comptroller Court Case Search

Full Case View ❓                                    **Print Page**

| 37 2021 CA 001139 - CRUZ, LAURA L vs SPRINT CORP./UNITED MANAGEMENT CO. |
|---|

| Party Status | Party | Party Code | Attorney | Attorney Status |
|---|---|---|---|---|
| | SPRINT CORP./UNITED MANAGEMENT CO. , | DEFENDANT PRO SE | | ACTIVE |
| | SPRINTCOM, INC. , | DEFENDANT PRO SE | | ACTIVE |
| | T-MOBILE USA, INC. , | DEFENDANT PRO SE | | ACTIVE |
| | CRUZ, LAURA L | PLAINTIFF | TIFFANY ROUSSEAU CRUZ | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
|---|---|---|---|---|---|
| OTHER DISCRIMINATION | OPEN | 6/29/2021 4:15:01 PM | | | COOPER |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
|---|---|---|---|---|---|---|---|---|
| | | - | | | | | | |

Top of Page

| | Judges Appearing on Case | | |
|---|---|---|---|
| Last Name | First Name | Date Assigned | Source |
| COOPER | JOHN | 7/1/2021 10:29:28 AM | BM |

Top of Page

Viewable On Request Statuses



| Viewable on Request | | e-Certify |
|---|---|---|

| Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order |
|---|
| Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System |

| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
|---|---|---|---|---|---|---|---|
| 6/29/2021 | 2 | CCS | ☐ «-Req $ | CIVIL COVER SHEET | | | BM |
| 6/29/2021 | 3 | COMP_CA | ☐ «-Req $ | COMPLAINT | | | BM |
| 6/29/2021 | 4 | SUIS | ☐ «-Req $ | SUMMONS ISSUED | | | BM |
| 6/29/2021 | 5 | SUIS | ☐ «-Req $ | SUMMONS ISSUED | | | BM |
| 6/29/2021 | 6 | SUIS | ☐ «-Req $ | SUMMONS ISSUED | | | BM |
| 7/1/2021 | 1 | a002 | | JUDGE COOPER, JOHN C: ASSIGNED | | | BM |
| | 7 | | | PAYMENT $400.00 RECEIPT | | | BM |

**EXHIBIT "1"**

| 7/1/2021 | 7 | RECEIPT_ | ‹‹-*Req $* | PAYMENT $430.00 RECEIPT #1578965 | BM |
| 7/1/2021 | 8 | UOCC_ | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2021-07-01 | BM |
| 7/27/2021 | 9 | ROSE_ | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED - SPRINT/UNITED MANAGEMENT COMPANY | BM |
| 7/27/2021 | 10 | ROSE_ | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED - SPRINTCOM INC | BM |
| 7/27/2021 | 11 | ROSE_ | ‹‹-*Req $* | RETURN OF SERVICE EXECUTED - T-MOBILE USA INC | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

| | | Ar Plan | | |
|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent |

Top of Page

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>   COUNTY, FLORIDA

<u>Laura L Cruz</u>
Plaintiff

Case #    <u>2021 CA 001139</u>

Judge    _____

vs.

<u>Sprint Corp./United Management Co., Sprintcom, Inc., T-Mobile USA, Inc.</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
    (Specify)

    <u>3</u>

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Tiffany Rousseau Cruz</u>        Fla. Bar # <u>90986</u>
        Attorney or party             (Bar # if attorney)

<u>Tiffany Rousseau Cruz</u>        <u>06/29/2021</u>
  (type or print name)           Date

# IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**LAURA LINARES CRUZ,**

      **Plaintiff,**

**v.**                           **CASE NO.:** ___2021 CA 001139___

**SPRINT/UNITED MANAGEMENT CO., SPRINTCOM, INC., and T-MOBILE USA, INC.,**

      **Defendants.**

_____/

## COMPLAINT

COMES NOW Plaintiff, **LAURA LINARES CRUZ** ("Plaintiff"), by and through undersigned counsel and sues Defendants, **SPRINT/UNITED MANAGEMENT CO., SPRINTCOM, INC., and T-MOBILE USA, INC.**[1] (**"SPRINT," "SPRINTCOM,"** and **"T-MOBILE,"** respectively and "Defendants," collectively), and alleges as follows:

## NATURE OF THE ACTION

1.    This action is brought pursuant to Chapter 760, Florida Statutes.

---

[1] During the administrative complaint phase, Defendant Sprintcom, Inc., merged with Defendant T-Mobile USA, Inc.

2.    This is an action for damages that exceed $30,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury.  Although in filing this Complaint Plaintiff's counsel was required to and did file a Civil Cover Sheet stating an "Amount of Claim" figure, that figure is for data collection and clerical processing purposes only, and the amount of damages in this action will be decided by the jury in compliance with Article I, Section 21, Florida Constitution.

3.    Plaintiff has satisfied all conditions precedent to bringing this action.

**THE PARTIES**

4.    At all times pertinent hereto, Plaintiff, LAURA LINARES CRUZ, has been a resident of the State of Florida, and was employed by Defendants.  Plaintiff is a member of a protected class because of her race (Hispanic), her national origin (Cuban), and the fact that she reported discriminatory and retaliatory treatment.

5.    At all times pertinent hereto, Defendants have been registered to conduct business under the laws of the State of Florida and have been an "employer" as that term is used under the applicable laws identified above.

2

## <u>STATEMENT OF THE ULTIMATE FACTS</u>

6.  Plaintiff began her employment with SPRINT and/or SPRINTCOM in April 2017 as a retail sales consultant in West Palm Beach, Florida.

7.  In August 2019, Plaintiff relocated to Tallahassee, Florida, and was transferred to SPRINT'S and/or SPRINTCOM'S store located in the Governor's Square Mall.

8.  During Plaintiff's employment at SPRINT'S and/or SPRINTCOM'S Governor's Square Mall location, Plaintiff's Assistant Manager, Marlon Ling, began to harass her and treat her differently from the other employees.

9.  The Assistant Manager would constantly schedule Plaintiff to close the store, when other employees were permitted to rotate.

10.  Despite Plaintiff being the top performing employee at both the store and in the district, the Assistant Manager gave Plaintiff negative performance evaluations, placed her on corrective action plans, refused to allow her to take pre-authorized lunch breaks, and disparaged Plaintiff to other employees.

11.  Further, the Assistant Manager made derogatory comments about Plaintiff's accent in the presence of other employees.

12.    The Assistant Manager also belittled Plaintiff in front of her customers/clients and would assign customers to other employees even though Plaintiff was capable and available to assist her customers/clients.

13.    Additionally, when Plaintiff was scheduled to close the store, the Assistant Manager treated Plaintiff like a servant, assigning her menial tasks and forcing her to stay in the store working long after it was closed. No other employees were treated this way.

14.    Plaintiff attempted to gain relief from this discriminatory treatment by making complaints to the store manager, the District Manager, and Human Resources that she was being harassed based on her protected characteristics.

15.    Plaintiff was forced to transfer to the SPRINT and/or SPRINTCOM store on North Monroe where she worked without incident. In fact, Plaintiff received praise from the store manager and assistant managers at the new location while she worked there until February 2020 when Mr. Ling became Store Manager for the North Monroe location.

16.    In February 2020, Mr. Ling became the Store Manager at SPRINT'S and/or SPRINTCOM'S North Monroe location and

immediately resumed his harassing actions against Plaintiff and retaliated against her for her complaints of discrimination.

17.  Mr. Ling began to unjustly discipline Plaintiff.

18.  Plaintiff again complained to the District Manager and Human Resources; however, the mistreatment continued.

19.  In retaliation for Plaintiff's legitimate complaints, Mr. Ling significantly reduced Plaintiff's working hours and isolated Plaintiff from her co-workers by removing her from the workplace group chat so she could not receive important work-related messages and notifications.

20.  On May 7, 2020, Plaintiff was sent home from work after complaining that her co-workers were making derogatory comments about her. As Plaintiff was leaving her co-workers mocked her suggesting she should report it to customer service on her way out.

21.  Plaintiff then brought the situation to the attention of Defendants' Executive Vice President and CEO to inform them about the ongoing harassment and retaliatory treatment to which she was being subjected.

22.  A representative from Defendants' Human Resources Department contacted Plaintiff to discuss her reported concerns.

23.   On May 28, 2020, Plaintiff's employment with Defendants was terminated.  In Plaintiff's termination meeting/call, Plaintiff was informed that her discrimination complaints were the cause of her termination.

24.   Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a reasonable fee and costs for these legal services.  Defendants should be made to pay said fee and all costs associated with this action under the laws applicable to this case.

## COUNT I

## RACE DISCRIMINATION

25.   Paragraphs 1-24 are re-alleged and incorporated herein by reference.

26.   This is an action against Defendants for race discrimination brought under Chapter 760, Florida Statutes.

27.   Plaintiff has been the victim of discrimination on the basis of her race.

28.   Defendants are liable for this discrimination and for the refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendants.

Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or they knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

## COUNT II

## NATIONAL ORIGIN DISCRIMINTION

29.    Paragraphs 1-24 are re-alleged and reincorporated herein by reference.

30.    This is an action against Defendants for national origin discrimination brought under Chapter 760, Florida Statutes.

31.    Plaintiff has been the victim of discrimination on the basis of her national origin.

32.    Defendants are liable for this discrimination and refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendants.  Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or they knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

## COUNT III

## RETALIATION

1.    Paragraphs 1-24 are re-alleged and reincorporated herein by reference.

2.    This is an action against Defendants for Retaliation brought under Chapter 760, Florida Statutes.

3.    Plaintiff has been the victim of retaliation on the basis of her reporting activity made unlawful by Chapter 760, Florida Statutes.

4.    Defendants are liable for this discrimination and refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendants.  Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or they knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)    that process issue and this Court take jurisdiction over this case;

8

(b)    that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    that this Court enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for back pay in the form of lost wages, including lost benefits, plus interest which resulted from the unlawful discrimination; pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish, and emotional distress caused by Defendants' discriminatory actions; punitive damages; costs of this action, together with reasonable attorneys' fees; post-judgment interest; and such other and further relief as is just and equitable for Defendants' violations of the laws enumerated herein;

(d)    that this Court enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the laws enumerated herein;

(e)    that this Court enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    that this Court award Plaintiff interest and equitable relief;

and

(g)    that this Court grant such other further relief as being just

and proper under the circumstance.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth

herein which are so triable.

Dated this 29th day of June, 2021.

Respectfully submitted,

/s/ *Tiffany R. Cruz*
Tiffany R. Cruz
Florida Bar No.: 090986
Kevin C. Kostelnik
Florida Bar No.: 0118763
Tiffany@tiffanycruzlaw.com
Kevin@tiffanycruzlaw.com

Cruz Law Firm, P.A.
411 N. Calhoun Street
Tallahassee, FL 32301
850-701-8838

ATTORNEYS FOR PLAINTIFF



# LEON COUNTY Receipt of Transaction
## Receipt #    1578965

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Tiffany R Cruz
235 E. Virginia Street
Tallahassee, FL  32301

**On Behalf Of:**

On: 7/1/2021  10:29:38AM
Transaction # 100841986
Cashiered by: C MCREED

,

| CaseNumber  2021 CA 001139 |
|---|

**Judge**   JOHN C COOPER

**LAURA L CRUZ**  *VS*  **SPRINT CORP./UNITED MANAGEMENT CO.**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Grand Total:** | **430.00** | **0.00** | **0.00** | **430.00** | **430.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 129737604 | OK | 430.00 | 0.00 | 0.00 | 0.00 | 430.00 |
| | | **Payments Total:** | **430.00** | **0.00** | **0.00** | **0.00** | **430.00** |

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
## CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**LAURA LINARES CRUZ,**

     **Plaintiff,**

**v.**                 **CASE NO.:** ___2021 CA 001139___

**SPRINT/UNITED MANAGEMENT
CO., SPRINTCOM, INC., and
T-MOBILE USA, INC.,**

     **Defendants.**
_____/

## **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **Sprint/United Management Cmopany
     c/o The Prentice-Hall Corporation
     System, Inc. (registered agent)
     1201 Hays Street, Suite 105
     Tallahassee, FL 32301**

     Each defendant is required to serve written defenses to the complaint or petition on **Kevin C. Kostelnik** and **Tiffany R. Cruz**, Plaintiff's attorneys, whose address is **Cruz Law Firm, P.A., 411 N. Calhoun Street, Tallahassee, FL 32301,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered

against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2021.

CLERK OF THE CIRCUIT COURT

By: _____
                                          07/01/2021

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**LAURA LINARES CRUZ,**

     **Plaintiff,**

**v.**                             **CASE NO.:** _2021 CA 001139_

**SPRINT/UNITED MANAGEMENT CO., SPRINTCOM, INC., and T-MOBILE USA, INC.,**

     **Defendants.**

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **Sprintcom, Inc.**
     **c/o Corporation Service Company**
     **(registered agent)**
     **1201 Hays Street**
     **Tallahassee, FL 32301**

     Each defendant is required to serve written defenses to the complaint or petition on **Kevin C. Kostelnik** and **Tiffany R. Cruz**, Plaintiff's attorneys, whose address is **Cruz Law Firm, P.A., 411 N. Calhoun Street, Tallahassee, FL 32301,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered

against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2021.



CLERK OF THE CIRCUIT COURT

By: _____ 07/01/2021

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
## CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**LAURA LINARES CRUZ,**

      **Plaintiff,**

**v.**                        **CASE NO.:** _____2021 CA 001139_____

**SPRINT/UNITED MANAGEMENT
CO., SPRINTCOM, INC., and
T-MOBILE USA, INC.,**

      **Defendants.**

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **T-Mobile USA, Inc.
c/o Corporation Service Company
(registered agent)
1201 Hays Street
Tallahassee, FL 32301**

      Each defendant is required to serve written defenses to the complaint or petition on **Kevin C. Kostelnik** and **Tiffany R. Cruz**, Plaintiff's attorneys, whose address is **Cruz Law Firm, P.A., 411 N. Calhoun Street, Tallahassee, FL 32301,** within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered

against that defendant for the relief demanded in the complaint or petition.

DATED on _____, 2021.

CLERK OF THE CIRCUIT COURT

By: _____ 07/01/2021

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**LAURA L CRUZ**

     Plaintiff

vs                                       CASE NO.: 2021 CA 001139

  **SPRINT CORP./UNITED MANAGEMENT CO.**

     Defendant
_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an  immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Thursday, July 1, 2021

JOHN C COOPER CIRCUIT JUDGE

JOHN C COOPER
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# VERIFIED RETURN OF SERVICE

Job # T213469

**Client Info:**

CRUZ LAW FIRM, P.A.
411 N. CALHOUN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| LAURA LINARES CRUZ | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2021 CA 001139** |
| SPRINT/UNITED MANAGEMENT CO., SPRINTCOM, INC., AND T-MOBILE USA, INC. | |

**Service Info:**

**Received by Benjamin Young: on July, 20th 2021** at **11:17 AM**
**Service:** I Served **SPRINT/UNITED MANAGEMENT COMPANY C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC. (REGISTERED AGENT)**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT;**
by leaving with **Sheena Black, AUTHORIZED TO ACCEPT**

**At Business 1201 HAYS STREET, SUITE 105 TALLAHASSEE, FL 32301**
On **7/22/2021** at **12:53 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Benjamin Young** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**Benjamin Young**
Lic # **-274-**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T213469**




1 of 1

# VERIFIED RETURN OF SERVICE

Job # T213467

**Client Info:**

CRUZ LAW FIRM, P.A.
411 N. CALHOUN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| LAURA LINARES CRUZ | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2021 CA 001139** |
| SPRINT/UNITED MANAGEMENT CO., SPRINTCOM, INC., AND T-MOBILE USA, INC. | |

**Service Info:**

**Received by Benjamin Young: on July, 20th 2021** at **11:14 AM**
**Service:** I Served **SPRINTCOM, INC. C/O CORPORATION SERVICE COMPANY (REGISTERED AGENT)**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT;**
by leaving with **Sheena Black, AUTHORIZED TO ACCEPT**

**At Business 1201 HAYS STREET TALLAHASSEE, FL 32301**
On **7/22/2021** at **12:53 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Benjamin Young** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



_____

**Benjamin Young**
Lic # **-274-**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T213467**




1 of 1

# VERIFIED RETURN OF SERVICE

Job # T213468

**Client Info:**

CRUZ LAW FIRM, P.A.
411 N. CALHOUN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| LAURA LINARES CRUZ | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2021 CA 001139** |
| SPRINT/UNITED MANAGEMENT CO., SPRINTCOM, INC., AND T-MOBILE USA, INC. | |

**Service Info:**

**Received by Benjamin Young: on July, 20th 2021** at **11:15 AM**
**Service:** I Served **T-MOBILE USA, INC. C/O CORPORATION SERVICE COMPANY (REGISTERED AGENT)**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT;**
by leaving with **Sheena Black, AUTHORIZED TO ACCEPT**

**At Business 1201 HAYS STREET TALLAHASSEE, FL 32301**
On **7/22/2021** at **12:53 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **Benjamin Young** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.



**Benjamin Young**
Lic # **-274-**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T213468**




1 of 1